## WALLACE v. LEONI.

### (Supreme Court, Appellate Term. May 16, 1907.)

**1. CHATTEL MORTGAGES—LIEN FOR PURCHASE PRICE—IDENTITY OF GOODS.**
One who bought furniture, giving a chattel mortgage thereon to cover the price, could not defeat the lien on the ground he selected the furniture from samples and that that delivered was not the furniture bought.

**2. SAME—FORECLOSURE.**
Under Municipal Court Act, Laws 1902, p. 1533, c. 580, §§ 139, 141, providing for the foreclosure of chattel mortgage liens, and that the final judgment shall "specify the amount of the lien," in an action to foreclose, judgment should be for plaintiff, unless it appears from the evidence that nothing was due on the mortgage.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Louis Wallace against Giuseppe Leoni. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

Myron S. Yochelson, for appellant.

Achille J. Oishei, for respondent.

BRADY, J. The defendant purchased of the plaintiff's assignor a quantity of furniture at an agreed price of $160, paying on account of such purchase the sum of $20, and executing a chattel mortgage covering the property for the sum of $140, conditioned that payments of $2 per week should be made thereon until the said sum of $140 was fully paid. The mortgage was dated August 26, 1905, and it is conceded that the defendant paid to apply thereon the sum of $86 during the period from the date of the mortgage until this action was begun. This action was brought to foreclose the lien of the mortgage; the defendant having made his last payment on October 2, 1906. The pleadings were oral.

The defendant's only claim is that he selected the goods from samples shown him in the store of the plaintiff's assignor, and that the furniture delivered to him was not the goods purchased by him, and that plaintiff's assignor repeatedly promised to change the articles delivered for those selected, but failed to do so. This claim, even if true, would not defeat the plaintiff's lien. Clearly the goods in possession of the defendant, whether they corresponded with the samples shown defendant or not, were covered by the chattel mortgage. The Municipal Court act (Laws 1902, p. 1533, c. 580), which provides for the foreclosure of a lien (section 139), also provides that the final judgment must "specify the amount of the lien" (section 141). It would seem, therefore, that the judgment should be for plaintiff, unless it appears from the evidence that nothing was due upon the mortgage. The evidence produced at the trial did not warrant that finding.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.